ETHEL A. M. LUNDHOLM v. BEAUCRAFT, INC., AND ANOTHER.

195 N. W. 2d 580.

March 3, 1972—No. 43050.

*Hansen, Hazen, Dordell & Bradt, Gene P. Bradt,* and *Wayne P. Dordell,* for relators.

*Swanson & Christoffersen* and *Allen G. Christoffersen,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission adopting a compensation judge's determination that Charles Kenneth Lundholm was an employee of relator Beaucraft, Inc., and not an independent contractor, and that the death of said employee arose out of and in the course of that employment.

It is this court's function, on review, to determine whether the decision is reasonably supported by the facts or the inferences to be drawn therefrom. Saholt v. Northwest Airlines, Inc. 290 Minn. 393, 188 N. W. 2d 772 (1971); Hammes v. Suk, 291 Minn. 233, 190 N. W. 2d 478 (1971).

Lundholm for many years was a traveling salesman selling the products of relator Beaucraft and, for a short time, the products of Hartshorn Company. The guidelines within which to apply the facts in determining whether Lundholm was an employee or an independent con-

tractor have long been fixed by the court. In Geerdes v. J. R. Watkins Co. 258 Minn. 254, 262, 103 N. W. 2d 641, 646 (1960), the court said:

"* * * The distinction between an employee and an independent contractor may be said to consist largely in the difference between one who undertakes to achieve a given result under an arrangement with another who has authoritative control over the manner and means in which and by which the result shall be accomplished and one who agrees to achieve a given result but is not subject to the orders of another as to the method or means to be used. [Citing cases.]"

In that case, petitioner's decedent, Raymond Geerdes, sold products of Watkins Company for 36 years under contracts renewed from time to time. He bought household and other products at wholesale, maintaining his own automobile and stock rooms at his home in Jackson. Although the company suggested retail prices, decedent was at liberty to set his own prices. When he extended credit, the accounts receivable were his own. While the contracts were terminable at any time by either party, Geerdes could continue to sell Watkins products as long as he had stock on hand. When he died, his stock of Watkins products, valued at over $4,700, was inventoried as a part of his estate. We held that the guidelines mentioned above had not been met and determined the relationship to be that of vendor and vendee. That case and the instant case are similar only to the extent that both paid their own expenses, determined when and where they would work, and when they would take vacations and may be so distinguished.

The commission's determination that the adequate right of control by relator Beaucraft existed to make decedent its employee is supported by the evidence.

Decedent met his death in a single-car accident on a road leading to a motel in Waseca, Minnesota, where he was registered. He had two customers in the area where he met his death. Decedent made one sale of Beaucraft's goods on the day of his death. There was no showing that decedent made any sales of Hartshorn products on that day. The compensation award is based solely on the compensation paid to decedent by Beaucraft. Petitioner did not seek recovery against Hartshorn and relators did not implead Hartshorn.

The evidence supports the finding that the death arose out of the employment with relator Beaucraft.

The decision of the commission is affirmed.

Respondent is allowed $250 attorneys' fees.

Affirmed.