JOSEPHINE EDELSTON v. BUILDERS AND
REMODELERS, INC., AND ANOTHER.

229 N. W. 2d 24.

May 2, 1975—No. 45210.

*Sahr, Kunert, Tambornino & Soshnik* and *John L. Tambornino,* for
relators.
*Samuel D. Finkelstein* and *Irving Juster,* for respondent.

PER CURIAM.

Relators seek review of a decision of the Workmen's Compensation
Commission awarding benefits to respondent, widow of the deceased
employee. They contend that the respondent is not entitled to these
benefits because at the time her husband was killed, he was an inde-
pendent contractor and not an employee of relator Builders and Re-
modelers, Inc. We affirm.

We have held that the existence or nonexistence of an employment
relationship between two parties is a question of fact and, if reasonable
inferences may be drawn to support either conclusion, the commis-
sion's finding must stand. Farnam v. Linden Hills Congregational
Church, 276 Minn. 84, 149 N. W. 2d 689 (1967).

The standards to be applied in determining whether one is an em-
ployee or an independent contractor were detailed in Guhlke v. Roberts
Truck Lines, 268 Minn. 141, 143, 128 N. W. 2d 324, 326 (1964), where we
said:

"* * * [T]he factors applied in testing the relationship are: (1) The
right to control the means and manner of performance; (2) the mode
of payment; (3) the furnishing of material or tools; (4) the control of
the premises where the work is done; and (5) the right of the employer
to discharge. In determining whether the status is one of employee or

independent contractor, the most important factor considered in light of the nature of the work involved is the right of the employer to control the means and manner of performance."

The commission found the requisite right to control the means and manner of performance in the unconditional right of Builders and Remodelers to terminate the employee's source of sales leads. That finding is consistent with our decision in Lundholm v. Beaucraft, Inc. 292 Minn. 501, 195 N. W. 2d 580 (1972).

Relators argue that the solicitation agreement, which characterized the employee's relationship to Builders and Remodelers as that of an independent contractor and not as that of an employee, should be controlling. The nature of the relationship of the parties is to be ascertained, not from the label given to it by the parties themselves, but from the consequences which the law attached to their arrangements and to their conduct. Aleckson v. Kennedy Motor Sales Co. 238 Minn. 110, 55 N. W. 2d 696 (1952); Elwell v. Fake, 264 Minn. 329, 119 N. W. 2d 19 (1962).

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.