Kenneth HUNTER, Relator,

v.

CRAWFORD DOOR SALES and State Fund Mutual Ins. Co., Northwestern Natl. Life Ins. Co., MN Dept. of Human Services, intervenor, Respondents.

No. C1–93–220.

Supreme Court of Minnesota.

June 18, 1993.

Charles M. Cochrane, Minneapolis, for relator.

Andrew W. Lynn, Eden Prairie, for respondents.

PAGE, Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals affirming the compensation judge's determination that Kenneth Hunter, claimant-relator, was an independent contractor.[1] We reverse.

Crawford Door Sales is in the business of selling and installing garage doors and the door openers. Crawford Door had a number of regular employees who were provided uniforms, company trucks, and tools. When there was an overload of work, Crawford Door hired "subcontractors," individuals whom they would train and dispatch on a per-job basis as needed. Subcontractors were to provide their own

---

1. Relator had also challenged the compensation judge's findings pertaining to his right to certain benefits; but the WCCA elected not to address that in view of its disposition.

transportation and tools, and they were not provided company uniforms. They worked without supervision and were paid on a per-job basis without deductions for taxes and social security. Crawford Door hired Kenneth Hunter as a "subcontractor." At the time he was hired, Hunter was advised subcontractors were not allowed to solicit or procure garage door jobs or do any garage door work not provided by Crawford Door.

The record reflects that Crawford Door expected Hunter to report to the loading dock at 8:15 a.m. every morning to obtain his work orders and whatever equipment he needed for the day. The timing was important as the loading of trucks had to be coordinated. If a job entailed special hardware or equipment other than Hunter's own basic hand tools, that would be supplied by Crawford Door. Although Hunter generally worked alone, when a job required more than one person, Crawford Door would send one of the "service guys" to help.

On September 17, 1991, Hunter sustained a severe crush injury to his right hand while installing a garage door opener. He was taken to United Hospital in St. Paul where he had surgery the same day. In January 1992, he was given medical authorization to work with restrictions.

■ Hunter sought various workers' compensation benefits as an employee of Crawford Door. The compensation judge, however, determined Hunter had worked as an independent contractor; and the WCCA affirmed on appeal.

■ In 1983, the legislature authorized the Commissioner of the Department of Labor and Industry to establish criteria to be used to determine "independent contractor" status. Act of June 7, 1983, ch. 290, § 165(j), 1983 Minn.Laws 1310, 1397. In response, the commissioner adopted Minn. Rules 5224.0010 to 5224.0340. Prior to adoption of these rules, factors generally considered included: the right to control the means and manner of performance, the mode of payment, the furnishing of materials or tools, the control of the premises where the work is to be done, and the right of the employer to discharge. *See Olsen v. Kling,* 363 N.W.2d 310, 312–13 (Minn.1985). As the WCCA has previously recognized, the administrative rules are basically derivative of the traditional five-factor analysis set out by prior case law. *Keefe v. Stans Aluminum,* 42 Minn.Workers' Comp.Dec. 700 (WCCA 1989), *aff'd without opinion,* 451 N.W.2d 330 (Minn.1990). *Compare* Minn.Rules 5224.0330 and 5224.0340 *with Olsen, supra.* In a nub, the rules and prior case law emphasize that it is the right to control the means and manner of performance that is the most significant factor in determining the existence of an employment relationship. Minnesota Rules 5224.0330; *Hammes v. Suk,* 291 Minn. 233, 235–6, 190 N.W.2d 478, 481 (1971).

■ Certainly, in this case there was evidentiary support for the compensation judge's findings of fact. Hunter provided his own hand tools, worked alone, and was paid by the job without deductions for taxes, etc. But the determination of employment status is, ultimately, a legal one. Furthermore, the fundamental test of employment is the right, not just the exercise, of the employer to control the details of the work. This distinction becomes important when skilled workers appear to go about their job without supervision. *See, e.g., Palmquist v. Meister,* 277 N.W.2d 376 (Minn.1979) (carpenter held to be employee). Here, both the WCCA and the compensation judge acknowledged there was evidence supporting Hunter's claim that Crawford Door not only had the right to, but did in fact, exercise a substantial amount of control over the manner in which Hunter did his job. Indeed, the contract of hire was contingent upon successful completion of on-the-job training. It may be undue weight was given to the parties' oral characterization of the relationship at the time of hire; but as a general rule, the "nature of the relationship is to be ascertained, not from the label given to it by the parties themselves, but from the consequences which the law attached to their arrangements and to their conduct." *Edelston v. Builders and Remodelers, Inc.,* 304 Minn. 550, 551, 229 N.W.2d 24, 25

(1975); *see* 1B Larson, *The Law of Workmen's Compensation,* § 46.30 (1992). Consequently, we are of the opinion that, when measured against standards set out by rule and prior case law, the facts as found by the compensation judge demonstrate an employment relationship. We therefore reverse the determination that Hunter was an independent contractor and remand the matter to the WCCA which has the option, in its discretion, to remand to the compensation judge for a rehearing on issues pertaining to benefits, or it may consider the record sufficient to make its own determination. *See Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54, 63 (Minn.1984).

Reversed and remanded.

The employee is awarded $400 in attorney fees.

SIMONETT, Justice (concurring specially).

I concur in the result, except that I would remand on all issues. *See Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54 (Minn.1984).