Edward J. HOUGH, Relator,

v.

DREVDAHL & SON CO., INC., et al., Respondents.

No. 48683.

Supreme Court of Minnesota.

June 8, 1979.

Charles W. Anderson & Associates by Mark B. Sarenpa, Minneapolis, for relator.

Cousineau, McGuire, Shaughnessy & Anderson and Michael C. Jackman, Minneapolis, for respondents.

PER CURIAM.

Employee seeks review of a decision of the Workers' Compensation Court of Appeals denying his claim for compensation based on its determination that he had not contracted an occupational disease or suffered a personal injury arising out of his employment. We affirm.

Employee, a truck driver for many years, suffered intermittent but increasing arm and chest pain between September 21 and October 9, 1972, which would recur both while he was working and while he was resting. On October 9 he consulted a doctor who prescribed nitroglycerin, and ordered employee to rest for at least two weeks and to lose weight. His condition improved somewhat, but he has never returned to work and very little activity causes chest pains to recur.

Two medical experts, both internists, expressed conflicting opinions on the reason for employee's disability and on whether it was caused by his work. Dr. John Cardle, who has treated employee since March 1974, expressed the opinion that employee suffers from coronary artery disease with angina pectoris and that his heart problems were precipitated, accelerated, and aggravated by the stress connected with his work. Dr. Thomas B. Arnold, testifying for respondents, was of the opinion that employee suffers from a hiatal hernia which may be the cause of his chest and arm pain. Although the doctor did not feel that the presence of coronary arteriosclerosis had been proved, he also said that if employee had it, in the witness' opinion, his work would have had no effect on the disease. Both medical experts agreed that it is a progressive disease which evolves over a period of time.

■ Although employee's job physically required only that he drive a tandem dump truck, employee testified that he became tense and nervous because he had to drive in heavy traffic and because his supervisor scolded employees who failed to make a sufficient number of hauls each day. In

evaluating the effect of such stress, the court of appeals may well have determined that it was not significantly different from the stress to which ordinary living exposes everyone. Cf. *Brumfield v. Hennepin County*, 21 Minn.W.C D. 29 (1959).

 In any event, the testimony of the medical experts as to the causal relationship between employee's work and his disability was in conflict, and the court of appeals as trier of fact was required to resolve that conflict. *Dudovitz v. Shoppers City, Inc.*, 282 Minn. 322, 164 N.W.2d 873 (1969); *Golob v. Buckingham Hotel*, 244 Minn. 301, 69 N.W.2d 636 (1955). That testimony was weighed by the court of appeals. Since its findings are based on credible testimony and are not manifestly contrary to the evidence, we must affirm. *Murphy v. Minnesota Min. & Mfg. Co.*, 292 Minn. 450, 194 N.W.2d 189 (1972).

Affirmed.