Daniel HODGE, Relator,

v.

HODGE CONSTRUCTION and Aetna
Casualty and Surety Company,
Respondents,

A Home of Your Own and Federated
Mutual Insurance Company,
Employer-Insurer,

Minnesota Department of Public
Welfare, Respondent.

No. C4–83–1893.

Supreme Court of Minnesota.

Dec. 21, 1984.

ceived" rather than actual, a distinction rejected by this court in *Egeland v. City of Minneapolis*, 344 N.W.2d 597, 602–03 (Minn.1984). Consequently, we remand the matter so the WCCA may reconsider the compensation judge's determination in light of these decisions.

Remanded.

Cortlen G. Cloutier, Minneapolis, for relator.

Peter J. Pustorino, Minneapolis, for respondents.

**STATE of Minnesota,**
**Plaintiff-Petitioner,**

v.

**Alvin RUD, Rosemary Ann Rud,**
**Defendant-Respondent.**

No. C0-84-248.

Supreme Court of Minnesota.

Dec. 21, 1984.

## OPINION

TODD, Justice.

Employee seeks review of a decision of the Workers' Compensation Court of Appeals in which the court set aside the compensation judge's contrary determination, and substituted its conclusion that a heart attack sustained by employee on October 23, 1981, did not arise out of and in the course of his employment. Although the WCCA's opinion states that it was aware of the 1983 appellate review amendments to the Workers' Compensation Act, it is not clear they applied the standard of review required by those amendments. *See Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984). It appears also that the WCCA discounted employee's testimony about his mental stress as "per-