**Jerry D. HANSON, Respondent,**

v.

**SPECIAL SCHOOL DISTRICT NO. 1, and Self Insured, Relator.**

No. CX–83–1087.

Supreme Court of Minnesota.

Dec. 28, 1984.

---

Thomas S. Fraser, David P. Bunde, Minneapolis, for relator.

William H. Getts, Minneapolis, for respondent.

KELLEY, Justice.

Relator, the Minneapolis school district, seeks review of a decision of a divided Workers' Compensation Court of Appeals which, reversing the compensation judge's contrary finding and denial of compensation, found that respondent employee had sustained a Gillette injury to his right knee in the course of his employment by relator and was entitled to benefits for temporary total disability and a 15% permanent partial disability of the right leg. This decision is dated June 28, 1983, and was filed and served on the parties on July 5, 1983. Relators claim that the WCCA was required to review the compensation judge's decision in the manner enjoined by the 1983 appellate review amendments recently addressed by this court in *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn., 1984). We agree and remand for that review.

Employee, seeking affirmance, contends that the appellate review amendments are not applicable. We reject this contention since the legislature expressly provided that those amendments, sections 148 to 152 of Minn.Laws 1983, ch. 301—

> are procedural changes and *are effective for all cases pending on July 1, 1983,* regardless of the date of injury, date of hearing, or date of appeal and *all decisions of workers' compensation judges and the workers' compensation court of appeals issued on or after July 1, 1983, shall apply the provisions of those sections.* [Emphasis added.]

Act of June 8, 1983, ch. 301, Sec. 236, 1983 Minn.Laws 1558, 1718–19. This language is clear: In ordinary understanding the employer's appeal to the WCCA was "pending" on July 1, 1983, and the decision under review was not "issued" until July 5, 1983, when it was filed and served on the parties. Employee's further claim that, because the decision was dated June 28, 1983, and presumably was signed by the members of the WCCA on that date, it was "finalized" then, permitting review under the 1982 statutes, is entirely unpersuasive because the decision was not necessarily final on June 28, 1983, and became so only on July 5, 1983, when it was actually filed and served on the parties. We conclude that the 1983 appellate review amendments are applicable and, because it is not clear that the WCCA was cognizant of that fact, we set aside the decision under review and remand the matter to ensure the review of the compensation judge's decision mandated by the amendments.

In view of this remand, we do not reach the remaining issues other than to point out that if the WCCA on reconsideration determines that employee sustained the claimed Gillette injury, the extent of his

recovery of attorney fees is governed by the law in effect on the date that injury occurred. *See Kahn v. State, University of Minnesota,* 327 N.W.2d 21 (Minn.1982).

Decision under review set aside, and matter remanded for reconsideration.