**Judy WELTON, Respondent,**

v.

**FIRESIDE FOSTER INN, and Travelers Insurance Company, Fireside Foster Inn, and Western National Mutual Insurance Company, Fireside Foster Inn, and Western Casualty & Surety Company, Relators,**

**and**

**Memorial Hospital, et al., Parties in Interest.**

**No. C4–88–696.**

Supreme Court of Minnesota.

Aug. 5, 1988.

Rudolph V. Illgen, Minneapolis, for Fireside Foster Inn.

Jeffrey B. Nelson, Minneapolis, for Western Nat. Mut. Ins.

Kirk Kolbo, Minneapolis, for Western Cas. & Sur.

Gerald H. Hanratty, Minneapolis, for Welton.

## OPINION

POPOVICH, Justice.

This appeal involves a workers' compensation claim for permanent partial disability compensation and unpaid medical bills related to several injuries which Judy Welton (hereinafter employee) sustained while working as a nurses' aide.[1] The cause of the medical expenses issue was litigated before a compensation judge[2] who found sation judge, however, did not have authority to resolve the necessity and reasonableness of these expenses. Such issues were resolved by the commissioner. This cumbersome procedure was changed by the 1987 legislature, and as of July 1, 1987, compensation judges have authority to determine all disputes including rehabilitation and medical issues. The commissioner no longer has jurisdiction in these matters. 1987 Minn.Laws ch. 332, §§ 23, 118. Nevertheless, in this case, the compensation judge had authority to determine causation only; he did not, and could not, determine

---

1. Although the employee worked for one employer, the injuries occurred when the following insurers were on risk:

July 7, 1980—Travelers Insurance Company
December 3, 1981—Western National Insurance Company
August 9, 1982—Western Casualty and Surety Company (a/k/a Western Fire)
January 2, 1983—Western Casualty and Surety Company

2. At the time of this hearing, disputes over the cause of medical expenses could only be resolved by a compensation judge. The compen-

(1) some of the treatment for which bills had been incurred was causally related to work injuries, (2) other charges were causally related to a preexisting non-work related low back injury, and (3) the record was inadequate to determine the causal relationship for other treatment costs and travel expenses. The employee's request for a penalty award for delay in payment of the medical bills was also denied. On appeal, the Workers' Compensation Court of Appeals reversed and remanded. We reverse, reinstate the decision of the compensation judge, and remand.

## I.

In 1975, the employee suffered a low back injury in a non-work related automobile accident. In 1977, the employee started working for the Fireside Foster Inn as a nurses' aide. On July 7, 1980, while catching a falling resident, the employee sustained an injury to her left arm/shoulder, left brachial region and cervical dorsal spine.[3] On December 3, 1981, the employee injured her left knee and aggravated her interscapular injury when a Fireside Foster Inn resident struck her from behind.[4] The record indicates some of the employee's medical bills were submitted to Western National Insurance Company, which, in turn, contacted the employee's chiropractor. The chiropractor stated that as of April 9, 1982, the employee's medical problems were related to her December 1981 injury. Based on this report, Western National refused to pay a Kanabec Hospital bill, claiming it was the responsibility of Travelers Insurance Company.

On August 9, 1982, the employee sustained an aggravation to her left shoulder/upper back injury when she was struck by another Fireside Foster Inn resident.[5] In the fall of 1982, the employee retained legal counsel to resolve the unpaid medical bills problem. In December 1982, the employee filed a claim petition against Travelers and Western National for medical expenses incurred at the Mora Medical Center, Mora Chiropractic Center and Kanabec Hospital, which was later stricken from the calendar for failure of the employee to submit a pretrial statement.

On January 2, 1983, while assisting a Fireside Foster Inn resident, the employee injured her right knee and aggravated her "back" injury. The employee returned to work the next day and reported that her back "felt fine" but her knee was still sore.[6] Following this injury, the employee commenced a course of treatment with Dr. Thomas Coleman, an orthopedic surgeon with Professional Medical Associates (hereinafter PMA) in Cambridge. In February 1983, the employee had surgery on her right knee. Western Casualty paid weekly benefits. However, certain medical bills which remained unpaid were sent to collection agencies.

The employee returned to work for Fireside Foster Inn in May 1983. In October 1983, her employment with Fireside Foster Inn was terminated. Her treatment with Dr. Coleman continued and she received physical therapy on a regular basis at PMA, the bills for which were not paid.

The employee filed a "Request for Assistance in Resolving A Workers' Compensation Medical Issue" in an attempt to resolve the unpaid medical bills problem. An administrative conference was held on December 17, 1984, at which time the disputed bills included a bill from Kanabec Hospital in the amount of $509.60 for treatment from June 1982 to September 7, 1982, and a bill from PMA in the amount of $2,465.00. All of the insurance carriers complained about the lack of itemization or medical

---

whether the disputed expenses were necessary and reasonable.

3. Travelers Insurance, the insurer on risk, paid 3.4 weeks of temporary total disability compensation for a 10% permanent partial disability of the back.

4. Western National (the insurer on risk June 2, 1981, to June 2, 1982) paid temporary total

disability benefits from December 3, 1981, to March 31, 1982.

5. Western Casualty paid one week of temporary total benefits.

6. The incident report states that the employee "aggravated the old injury in [her] back." The report does not specify whether it was the upper or lower back.

reports documenting the relationship of various charges to specific injuries. Apparently employee's counsel thought it was the insurance carriers' responsibility to obtain the necessary documentation.

Shortly after the December administrative conference, the employee was hospitalized because of an acute recurrence of low back pain and severe pain in her right knee. Following her discharge from the hospital, the employee continued to receive therapy with PMA. On January 28, 1985, the medical specialist issued her decision and order determining that the insurance carriers were not required to pay the disputed medical bills because the employee had failed to establish the services were for the cure and relief of the effects of the work injuries. The employee appealed to the Medical Services Review Board and petitioned for a temporary order requesting the special compensation fund be ordered to pay the medical benefits pending a determination of liability for such benefits against the three insurance carriers.[7] A compensation judge (noting the special compensation fund had not been notified) denied the petition because there was a dispute whether the medical expenses were causally related to the work injuries. In December 1985, the employee's appeal before the Medical Services Review Board was dismissed and referred to the Office of Administrative Hearings for a hearing on medical causation pursuant to *Jackson v. Red Owl Stores, Inc.*, 375 N.W.2d 13 (Minn.1985).

In January 1986, the employee had surgery on her right knee and in April 1986, she had surgery on both knees. Apparently Western Casualty paid for the January surgery, but liability for the April surgery remained in dispute.

The employee's claim petition came on for hearing before a compensation judge on September 24 and 25, 1986. At that time liability for the following medical bills was placed in issue:

| | | |
|---|---|---|
| 1. | Kanabec Hospital, June 19, 1982—September 7, 1982 | $ 509.60 |
| 2. | Memorial Hospital, December 19, 1984 | 1,165.80 |
| 3. | Memorial Hospital, December 24, 1984 | 6,141.00 |
| 4. | Memorial Hospital, March 25, 1986 | 1,255.00 |
| 5. | Memorial Hospital, April 2, 1986 | 2,746.00 |
| 6. | PMA (Cambridge Medical Clinic) 1983–present | 6,542.50 |

The employee also claimed (1) travel expenses from July 7, 1980, to the date of the hearing, (2) permanent partial disability compensation for her knees, back and shoulder, and (3) a penalty award for delay in payment of medical benefits.

Based primarily on the medical records,[8] the compensation judge found the employee's hospitalization in December 1984 was causally related to her preexisting, non-work related low back condition and to her work related right knee injury of 1983. He ordered Western Casualty to pay one-half of the disputed Memorial Hospital bills. He further found that responsibility for the employee's unpaid 1983 hospital bills was to be divided equally between Western Casualty and Western National. In addition, he found the Kanabec Hospital bill for treatment from June 29, 1982, to September 7, 1982, was the responsibility of Travelers and Western National, but found the record inadequate to apportion liability for the medical charges of PMA. He specifically left the issue open for a subsequent claim by PMA against any of the insurance carriers. He also found the record inadequate to apportion liability for travel expenses.

With respect to the permanent partial disability compensation claim, the compensation judge found the employee had sustained a 10% permanent partial disability to the right leg (without regard to the preex-

---

**7.** In the petition, the employee asked that the following medical bills be paid:

| | |
|---|---|
| Kanabec Hospital | $ 509.60 |
| PMA | 2,987.00 |
| Memorial Hospital (hospitalization) | 1,165.80 |
| Memorial Hospital (physical therapy) | 2,436.00 |

**8.** The compensation judge found the employee's testimony to be neither reliable nor credible. It appears that because the employee was such a poor historian in terms of her injuries and treatment, the compensation judge determined it was necessary to rely on the medical records made contemporaneously with the treatment rendered at the time of injury.

isting knee condition) attributable to the 1983 injury; 5% to the left leg as a result of the 1981 injury; 5% to the left arm due to the 1980 and 1981 injuries; 5% to the back as a result of the 1975 non-work related automobile accident; and employee had been compensated for a 10% permanent partial disability of her back by Travelers in connection with her 1980 injury. Finally, the compensation judge found the employee had not shown she was entitled to a penalty award for unreasonable, unnecessary or vexatious delay in payment of workers' compensation benefits.

On the employee's appeal, the Workers' Compensation Court of Appeals reversed and remanded to the compensation judge with directions to apportion liability for all outstanding medical bills without regard to preexisting non-work related injuries and to enter an "award of penalties." Fireside Foster Inn and the three insurance carriers sought review of that decision by this court.

## II.

■ A primary issue raised by this appeal concerns the compensability of the low-back condition. The compensation judge ordered the various insurers to pay all medical bills except for those which were causally related to the low back. The evidence established the employee injured her low back in a non-work related automobile accident in 1975. Dr. Coleman testified this injury was permanently aggravated by the employee's 1981 work incident when she was struck in the shoulder area and fell on her left knee. However, Dr. Coleman did not explain the basis for his opinion as to the causal relationship. Neither the testimony of the employee nor the medical records made contemporaneously with the 1981 injury indicates that the employee's low back was reinjured in that incident. Dr. Coleman was not the treating physician in 1981. We agree with the compensation judge's determination that, on the basis of the existing record, there was inadequate factual foundation for Dr. Coleman's opinion as to the causal relationship between the 1981 work incident and the condition of the employee's back in 1984.

See *Zappa v. Charles Manufacturing Co.*, 260 Minn. 217, 109 N.W.2d 420 (1961).

■ Dr. Coleman testified the employee was hospitalized in 1984 because of her low back problems and she would not have been hospitalized for her right knee problem alone. Dr. Coleman apportioned responsibility for the medical expenses incurred in the 1984 hospitalizations one-half to the low back problem and one-half to the right knee problem. Under these facts, the compensation judge's determination that one-half of these expenses were causally related to the non-work related low back condition had substantial evidentiary support, requiring affirmance by the Workers' Compensation Court of Appeals. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W. 2d 54 (Minn.1984); *accord, Gibberd v. Control Data Corporation*, 424 N.W.2d 776 (Minn.1988). Accordingly, the insurance carriers were not liable for more than one-half of those expenses. *See* Minn.Stat. § 176.135 (1986).

■ Regarding the compensation judge's findings with respect to the employee's other claims, we have carefully reviewed this record and have concluded that the compensation judge's findings have substantial evidentiary support. While it appears the insurance carriers should have paid some of the medical bills more promptly, when an employee has engaged counsel the information requested by the carriers should be provided. Bickering among multiple insurance carriers for one employer should also be avoided. The compensation judge, however, found the employee had not shown she was entitled to a penalty award. The Workers' Compensation Court of Appeals, therefore, should have affirmed these findings also. *Hengemuhle, supra.*

## III.

We reverse the decision of the Workers' Compensation Court of Appeals, reinstate the decision of the compensation judge, and remand to the compensation judge for consideration of the necessity and reasonableness of the medical expenses.

Reversed, decision of the compensation judge reinstated, and remanded for further proceedings.

