Ruby F. BEYER, Respondent,

v.

PIONEER METAL FINISHING and Liberty Mutual Insurance Co., Relators,

and

Minnesota Dept. of Human Services, Minnesota Dept. of Jobs and Training, Intervenors.

No. C0–88–601.

Supreme Court of Minnesota.

March 10, 1989.

Beth G. Sullivan, Mark M. Suby, St. Paul, for relators.

Richard H. Rhode, MN Dept. of Jobs and Training, Kathy Sorenson, MN Dept. of Human Services, St. Paul, Robert G. Gubbe, Roseville, for Ruby F. Beyer.

KELLEY, Justice.

This is an appeal from a Workers' Compensation Court of Appeals' decision affirming a compensation judge's award of temporary partial compensation. We reverse in part and affirm in part with some modification.

The employee in this case filed a claim petition for workers' compensation benefits for injuries sustained while employed by Pioneer Metal Finishing. A compensation judge found that the employee had reached maximum medical improvement as of the date of the hearing for certain injuries and awarded temporary partial compensation at the temporary total compensation rate to be paid concurrently with economic recovery compensation. On appeal, the Workers' Compensation Court of Appeals affirmed. By writ of certiorari, Pioneer Metal Finishing and its workers' compensation liability insurer, Liberty Mutual Insurance Company, have sought further review.

Pioneer Metal and Liberty Mutual initially challenge the award of temporary partial benefits at the temporary total rate beyond 90 days past maximum medical improvement; and the employee agrees that for reasons stated in *Parson v. Holman Erection Company*, 428 N.W.2d 72 (Minn.1988), that portion of the award of benefits was not proper. We therefore reverse the award of temporary partial benefits at the temporary total compensation rate beyond 90 days after maximum medical improvement. Pioneer Metal and Liberty Mutual have also challenged certain findings of the compensation judge. Our review of this record convinces us that the findings, as affirmed, are not manifestly contrary to the evidence. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984); *Egeland v. City of Minneapolis*, 344 N.W.2d 597 (Minn.1984). Accordingly, that portion of the award of temporary benefits preceding expiration of the 90–day period after maximum medical improvement is affirmed although we modify the award to reflect that it is payable as temporary total compensation. *Redgate v. Sroga's Standard Service*, 421 N.W.2d 729 (Minn.1988); Minn.Stat. § 176.101, subd. 3e (1984).

REVERSED IN PART; AFFIRMED IN PART.

The employee is awarded $400 in attorney fees on appeal.