Dianna SCHULTZ, Relator,

v.

TREVILLA NURSING HOME and Ideal
Mutual Insurance Company, Chisago
Lakes Hospital and DCA for Minnesota
Assigned Risk Plan, Respondents.

No. C7-88-2507.

Supreme Court of Minnesota.

Jan. 19, 1990.

Raymond R. Peterson, Sieben, Grose,
Von Holtum, McCoy & Carey, Ltd., Minne-
apolis, for relator.

Steven C. Gilmore, Gilmore, Aafedt,
Forde, Anderson & Gray, P.A., Minne-
apolis, for Trevilla Nursing Home, et al.

Gregory A. McClenahan, Chadwick,
Johnson & Condon, Minneapolis, for re-
spondents.

POPOVICH, Chief Justice.

We review on certiorari a decision of the
Workers' Compensation Court of Appeals
("WCCA") affirming a compensation
judge's determination as to the extent of
the employee's permanent partial disability
("PPD") but reversing an apportionment of
liability determination. We affirm in part
and reverse in part.

I.

On October 15, 1982, while working as a
nurse's aide at Trevilla Nursing Home, re-
lator Dianna Schultz sustained an injury to
her back and spine arising out of and in the
course of her employment. On October 6,
1983, while still in the employ of Trevilla
Nursing Home, relator suffered another
back injury arising out of and in the course
of her employment. In April 1984, relator
left her employment with Trevilla to accept
a similar job with Chisago Lakes Hospital,
primarily because the latter was closer to
her home. When relator began working at
Chisago Lakes Hospital, she was able to
perform all of her work duties. Her job at
Chisago Lakes Hospital was lighter duty in
that she worked nights and had fewer pa-
tients, thus avoiding much of the heavy
lifting. Relator then was functioning ap-
proximately 90% to 95% pain-free.

On July 30, 1984, relator sustained a third back injury, this time arising out of and in the course of her employment with Chisago Lakes Hospital. Following this injury, Chisago Lakes Hospital and its workers compensation liability insurer paid temporary total disability, medical, and rehabilitation benefits to the employee from August 2, 1984 through August 21, 1985. Following the discontinuance of benefits, the employee filed an objection and added a claim for compensation for her PPD.

The matter was initially heard by a compensation judge on April 10, 1986. Of relevance to this appeal, the compensation judge found the employee sustained a 14% PPD to the body as a whole, and apportioned liability for all benefits, including PPD, 60% to Trevilla Nursing Home and its insurer, and 40% to Chisago Lakes Hospital and its insurer.

The employee appealed to the WCCA, complaining that the compensation judge, by oversight, failed to award temporary partial disability benefits after April 1986. Trevilla Nursing Home cross-appealed, contending that the compensation judge erred in his determination of the extent of the employee's PPD and that, in any event, apportionment between the two employers, Trevilla Nursing Home and Chisago Lakes Hospital, was improper. In a decision filed on May 6, 1987, the WCCA affirmed the apportionment of liability between the two employers, awarded continuing temporary partial disability benefits, but remanded for redetermination of the extent of PPD.

On remand before a different compensation judge, the parties stipulated that liability for any PPD was to be apportioned pursuant to the initial compensation judge's determination, as affirmed by the WCCA, 60% to Trevilla and 40% to Chisago. The second compensation judge determined the employee sustained a 3.5% PPD to the whole body with apportionment of liability governed by the 60%–40% determination of the first compensation judge, as previously affirmed by the WCCA.

Upon appeal from the compensation judge's decision on remand, the WCCA affirmed the determination that the employee sustained a 3.5% permanent whole body impairment but reversed the apportionment of liability between the two employers and their insurers. This appeal followed.

## II.

■ Relator challenges the finding that she sustained a 3.5% PPD to the whole body. Relator argues her disability qualifies for a rating as a herniated disc, which would support a higher disability rating than the rating assigned, while the employers contend her disability properly was considered akin to a lumbosacral strain, which qualifies for the 3.5% rating. Expert medical testimony was presented in support of each position. The first compensation judge found relator suffered a 14% PPD to the whole body, but the WCCA reversed this determination and remanded, concluding the compensation judge incorrectly interpreted the medical evidence that was presented in the first hearing. The second compensation judge, on remand, found relator suffered a 3.5% PPD to the whole body. Essentially, the compensation judge chose to rely on the testimony of the employers' experts and the WCCA affirmed. Conflicts in medical testimony are to be resolved by the compensation judge as trier of fact. *Nord v. City of Cook*, 360 N.W.2d 337, 342 (Minn.1985). Following our review of the record, we believe the PPD determination was not manifestly contrary to the evidence. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 60 (Minn.1984).

## III.

■ Also at issue is the WCCA reversal of the compensation judge's apportionment of liability on remand from the previous WCCA decision. Briefly, in its May 6, 1987 opinion, the WCCA affirmed the first compensation judge's apportionment of liability between the two employers but remanded, with directions, for a determination of the extent of the PPD. On remand, the second compensation judge looked on the WCCA affirmance of the first compensation judge's apportionment as determinative of the apportionment issue. The accuracy of her interpretation, however, is of little im-

portance because the parties also stipulated to that same apportionment at the time of the remand for the PPD determination. Either the WCCA affirmed the apportionment of responsibility for payment of the PPD award in its May 6, 1987 decision, which was never appealed and thus became the law of the case, or the parties—the employee and both employers—stipulated to the apportionment at the commencement of the hearing on remand. In either case, the propriety of apportionment between the two employers could not properly be raised in the employee's present appeal from the second compensation judge's order of October 5, 1987. In short, the WCCA should not have addressed the apportionment issue and we accordingly reverse the WCCA determination with respect to apportionment.[1]

Affirmed in part and reversed in part.

---

1. The employee also alleged mistake in the method of calculating her permanent partial disability benefits. The WCCA did not address this issue and we also are not in a position to resolve it, given the posture of this matter.