Barbara J. PALMQUIST, Relator,

v.

ONAN CORPORATION and Liberty
Mutual Insurance Co.,
Respondents,

and

MN Dept. of Human Services,
HMO Minnesota/by Blue
Plus, Intervenors.

No. C7-92-20.

Supreme Court of Minnesota.

April 10, 1992.

David R. Vail, Wilbur W. Fluegel, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for relator.

Jane Monson, Adam S. Wolkoff, Gilmore, Aafedt, Forde, Anderson & Gray, P.A., Minneapolis, for Onan.

Laura Sue Schlatter, State Atty. General's Office, St. Paul, for Minn. Dept. of Human Services.

Thomas Gilde, St. Paul, for intervenor, HMO Minnesota/by Blue Plus.

WAHL, Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals reversing the compensation judge's award of benefits. We reverse and reinstate the decision of the compensation judge.

As a preliminary matter, the Workers' Compensation Court of Appeals ruled that a report of an independent medical examination and the deposition of the examiner were improperly admitted and considered by the compensation judge. By statute, the employer must serve the report from the physician of its choice upon the employee and file it with the commissioner within 120 days of the claim petition. Minn.Stat. § 176.155, subd. 1. In this case, the medical examination was done promptly and the report served upon employee's workers' compensation lawyer within the required 120 days, but the report was neither served upon the employee nor (apparently) filed with the commissioner. While it is well within the province of the legislature to provide a limitation on discovery, parties are nevertheless entitled to procedural due process. *Jendro v. Brown Boveri Turbo Machinery Co.*, 355 N.W.2d 716, 719 (Minn.1984). Where, as here, the independent medical examination was completed and the report served upon employee's legal counsel[1] within the limitation

---

1. As a general rule, when a party is represented by an attorney, service is effective when made upon the attorney. *Meissner v. Southview Acres Health Care Center*, 45 W.C.D. 524, 525–26 (1991), *aff'd without opinion,* 477 N.W.2d 904 (Minn.1991); Minn.R.Civ.P. 5.02; Minn.R.Civ. App.P. 125.02.

period, it seems to us the compensation judge appropriately concluded there had been substantial compliance with the statute.

The Workers' Compensation Court of Appeals also reversed the compensation judge's determination that the disability for which employee sought compensation, an aggravation of a pre-existing thyroid condition, was causally related to her work. In arriving at his decision, the compensation judge considered employee's testimony, all of the medical records, including those documenting employee's medical history prior to her employment with Onan Power, as well as the report and testimony from the endocrinologist chosen by the employer. Having thoroughly reviewed the entire record in this matter, we can only conclude that the compensation judge's factual determination had the requisite evidentiary support. *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54, 59–60 (Minn.1984). While certainly there are instances in which the reversal of a compensation judge's factual determination is warranted, this is not one of them. We, therefore, reverse the decision of the Workers' Compensation Court of Appeals and reinstate the decision of the compensation judge.

Reversed and decision of compensation judge reinstated.

Employee is awarded $400 in attorney fees.