Jerry R. NESS, Relator,

v.

TWIN CITY MEATS and Western
National Mutual Insurance
Co., Respondents.

No. C0-92-571.

Supreme Court of Minnesota.

June 15, 1992.

Richard C. Smith, Minneapolis, for relator.

Fitch, Johnson, Larson & Walsh, Kristin M. Cajacob, Minneapolis, for respondents.

ORDER

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals, filed February 24, 1992, be, and the same is, affirmed without opinion. *See* Minnesota Rules of Civil Appellate Procedure 136.01, subd. 1(b).

■

Elaine WAGEMAN, Relator,

v.

APPLE VALLEY HEALTH CARE CENTER, and Lumbermen's Underwriting Alliance/Sedgwick James of Minnesota, Respondents.

No. C9-92-1198.

Supreme Court of Minnesota.

Sept. 30, 1992.

Getts & Geisheker, P.A., William H. Getts, Minneapolis, for relator.

Gilmore, Aafedt, Forde, Anderson & Gray, P.A., Miriam P. Rykken, Minneapolis, for respondents.

ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals filed June 18, 1992 be, and the same is, affirmed with the exception of the rating of permanent partial disability which is modified to reflect the degree of disability assigned by the compensation judge.

Employee is awarded $400 in attorney fees.

MEMORANDUM

The compensation judge awarded impairment compensation for a two-level lumbar disc herniation. On appeal, the Workers' Compensation Court of Appeals affirmed the determination that permanent partial disability benefits were payable as impairment compensation, rather than economic recovery compensation, but modified the disability rating to reflect a single-level lumbar disc herniation. Where findings of the compensation judge are supported by substantial evidence, they should be left undisturbed. *Ruether v. State*, 455 N.W.2d 475, 478 (Minn.1990). Here, the findings attendant to the compensation judge's disability rating were supported by the treating physician's report as well as MRI and CT scan reports. Consequently, the disability rating is modified to reflect the degree of disability assigned by the compensation judge. *See Jacobowitch v. Bell & Howell*, 404 N.W.2d 270, 274 (Minn. 1987). The award of benefits as impairment compensation, rather than economic recovery compensation, is affirmed. *Jerde v. Adolfson and Peterson*, 484 N.W.2d 793 (Minn.1992); *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984).