Richard C. BORCHERT, Respondent,

v.

AMERICAN SPIRITS GRAPHICS, and
American States Insurance
Company, Relators,

American Spirits Graphics, and American
Compensation Insurance, RTW, Inc.,
Respondents,

BCBS of Minnesota, et al., Intervenors,

Allina/Abbott Northwestern
Hospital, Intervenors.

No. C0–98–471.

Supreme Court of Minnesota.

July 23, 1998.

James Michael Gallagher, Janet Monson,
Minneapolis, for Respondent/Employee.

David O. Nirenstein, Minneapolis, for Blue
Cross/Blue Shield/MMI Life.

Kris Wittwer, Minneapolis, for Allina.

## OPINION

PAGE, Justice.

American Spirits Graphics and its workers'
compensation insurer, American States In-
surance Company, seek review of a decision
of the Workers' Compensation Court of Ap-
peals (WCCA) reversing, by majority, the
compensation judge's denial of temporary
partial disability benefits. We reverse and
reinstate the decision of the compensation
judge.

Richard C. Borchert works for American
Spirits Graphics, a commercial printing com-
pany, as a first pressman. He sustained
compensable cervical spine injuries on June
29, 1994, June 23, 1995, and September 5,
1995. On the date of the last injury, Borc-

hert's average weekly wage, including substantial overtime pay, was $1,231.18. Diagnostic studies done on September 11, 1995, showed large disc herniations at the C5–6 and C6–7, and, on September 21, 1995, Borchert underwent anterior discectomy and fusion surgery.

On November 14, 1995, Borchert returned to light duty work with American Spirits Graphics, and, a week later, his surgeon authorized a return to his pre-injury job as first pressman, subject to a 50–pound lifting limitation. On February 21, 1996, his surgeon recommended a weekly overtime limit of 8 hours as well as the 50–pound lifting limitation. The overtime restriction was dropped as of April 17, 1996, but the lifting limitation was then made permanent. On January 7, 1997, the surgeon recommended a permanent overtime limit of 12 hours per week.

Borchert filed a claim petition for various benefits, including temporary partial disability benefits based on lost overtime pay. Evidence presented at the hearing established, through company production reports and the testimony of the plant superintendent, that overtime hours in the department where Borchert worked dropped from 24,003 in 1994 to 11,564 in 1996 and continued to decline in 1997 as a result of a decrease in production orders. In his testimony, Borchert acknowledged that there had been a work slowdown and that there had not been as much overtime as there had been in the past. He indicated, however, that he was not aware that overtime had dropped as much as it had until shown the production reports at the hearing. He also acknowledged that he had, on occasion, declined overtime work that was within his restrictions and that since January 1997, because of an increase in pay, a weekly wage that would include overtime within the 12–hour limitation would exceed his pre-injury weekly wage.

The compensation judge awarded Borchert temporary partial disability benefits for the period November 14, 1995, through November 21, 1995, but denied the balance of his temporary partial disability claim, finding that Borchert's reduced earnings were causally related to economic circumstances unconnected to his disability. On appeal, the WCCA, by majority decision, reversed and remanded for reconsideration, based on its conclusion that a general reduction in overtime attributable to economic reasons was not sufficient to rebut the presumption that post-injury earnings measure post-injury earning capacity. The dissent, finding substantial evidentiary support in the record, agreed with the compensation judge, that the reduced wages were attributable to causes unrelated to the disability.

As a general rule, it is the employee's burden to establish a diminution in earning capacity that is causally related to the work injury.[1] Evidence of actual earnings creates a presumption of earning capacity.[2] That presumption may be rebutted by evidence establishing that the reduction in the employee's earning capacity is unrelated to the employee's disability.[3] Here, American Spirits Graphics contends that Borchert's reduced overtime hours are a result of economic conditions unrelated to his disability. Whether reduced earning capacity is attributable to the disability or to some other factor is a question of fact for the compensation judge.[4] A compensation judge's findings of fact shall not be overturned unless they are unsupported by the record.[5] Here, there is sufficient evidence in the record to support the compensation judge's denial of Borchert's temporary partial disability benefits claim. Therefore, we reverse.

Reversed and decision of compensation judge reinstated.

1. *Krotzer v. Browning–Ferris/Woodlake Sanitation Service,* 459 N.W.2d 509 (Minn.1990).

2. *Owens v. Pako Corp.,* 386 N.W.2d 711 (Minn. 1986).

3. *See* 4 Larson's Workers' Compensation Law § 57.63 (1997).

4. *Dorn v. A.J. Chromy Constr. Co.,* 310 Minn. 42, 245 N.W.2d 451 (1976).

5. *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54, 59 (Minn.1984).