Hussein ANSARI, Relator,

v.

HAROLD CHEVROLET, INC., and Home Insurance Company, Respondents.

No. C2–83–113.

Supreme Court of Minnesota.

July 15, 1983.

gesting that the judge was cognizant of this          element of the case.

peals affirmed, and he sought review. We affirm in part and reverse in part.

Employee's major claims, that the Court of Appeals erred in rejecting the opinion of his psychiatrist causally relating depression employee began to experience in early 1979 to his 1978 work injury and that the evidence required a finding that his physical limitations resulting from that injury substantially contributed to total disability in December 1980, do not require discussion. Our review of the record satisfies us that there is no merit to these contentions.

The record discloses, however, that the insurer discontinued payment of benefits on December 10, 1980, but did not file a notice of discontinuance pursuant to Minn. Stat. § 176.241 (1980) until January 5, 1981. That statute plainly required the employer-insurer to continue payment of compensation until the notice had been filed.[1] The decision under review is therefore reversed in so far as it affirmed denial in full of employee's claim, and we remand so that it be amended to award employee temporary total disability compensation from December 10, 1980, to January 5, 1981, but not thereafter.

Employee is awarded attorneys fees of $400.

Affirmed in part and reversed in part.

---

Robert R. Johnson, Minneapolis, for relator.

Louis R. Tilton, Minneapolis, for respondents.

SCOTT, Justice.

In this proceeding the employee objected to discontinuance by his employer's compensation insurer of temporary total disability benefits on December 10, 1980. The compensation judge determined that the discontinuance was justified because an employment-related injury sustained by employee on April 4, 1978, was not a material and substantial factor disabling him from performing a job offered him by the employer in November 1980. On his appeal a unanimous Workers' Compensation Court of Ap-

---

1. Minn.Stat. § 176.241 (1980) provided in part:
   Subdivision 1. Where an employee claims that the right to compensation continues, or refuses to sign or objects to signing a final receipt for compensation, *the employer may not discontinue payment of compensation until he provides the division with notice in writing of his intention to do so, * * *.*

\* \* \* \* \* \*

Subd. 2. Except where the commissioner of the department of labor and industry orders otherwise, *until the notice and reports have been filed with the division, the liability of the employer to make payments of compensation continues.* (Emphasis added).