**Victor WOELFEL, Relator,**

v.

**PLASTICS, INC. and Travelers Insurance Co., Respondents,**

and

**Minnesota Department of Public Welfare, Intervenor.**

**No. C3–85–349.**

Supreme Court of Minnesota.

July 26, 1985.

Rehearing Denied Sept. 3, 1985.

James T. Hynes, Stapleton, Nolan & McCall, P.A., St. Paul, for relator.

Joseph J. Grill, Alex Leibel and Associates, Minneapolis, for respondents.

## OPINION

AMDAHL, Chief Justice.

Employee sought review of a decision of the Workers' Compensation Court of Appeals affirming a compensation judge's determination that the employer-insurer's notice of intention to discontinue compensation benefits filed in May 1981 had not complied with Minn.Stat. § 176.241 (1980) and that employee was entitled to receive temporary total disability benefits from the date of discontinuance through April 30, 1982. Employee contends that there is not substantial support in the evidence for the finding that from May 1982 to December 29, 1983 (the date of hearing on his objection to the discontinuance of benefits) he had been totally disabled by depression to which his work injury, sustained in March 1977, was not a substantial contributing cause and for the finding that he had failed to make a reasonably diligent effort to obtain employment during that period. He insists also that the employer-insurer's improper notice of discontinuance of benefits entitled him to continuing compensation as a matter of law until the date of the hearing. We affirm.

With respect to the first issue, our review of the record reveals that the challenged findings, contrary to employee's claim, are supported by substantial evidence in view of the entire record. Consequently, the WCCA properly performed its appellate review function in affirming them. *See Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984).

Employee's claim that the improper notice of discontinuance of benefits nevertheless entitles him as a matter of law to receive temporary total disability benefits

to the date of the compensation hearing requires more discussion. There is no dispute that the notice of intention to discontinue benefits stated merely that employee had "failed to cooperate with job placement efforts," and the notice was not accompanied by "a statement of facts in support of the discontinuance of compensation payments and whatever medical reports are in the possession of the employer bearing on the physical condition of the employee," as required by Minn.Stat. § 176.241, subd. 1 (1980). Employee relies on Minn.Stat. § 176.241, subd. 2 (1980), in urging that as a matter of law the employer-insurer remained liable to pay him compensation benefits until the date of hearing on his objection to discontinuance. That subdivision provides:

> Except where the commissioner of the department of labor and industry orders otherwise, *until the notice and reports have been filed with the division, the liability of the employer to make payments of compensation continues.*

(Emphasis added.)

■ We considered this provision in *Ansari v. Harold Chevrolet, Inc.*, 336 N.W.2d 276 (Minn.1983), and concluded that it required the employer-insurer to continue payment of compensation until the notice required by section 176.241, subd. 1, had been filed. There, however, the insurer had discontinued benefits for a 4-week period before it filed the notice, and we held that this provision required them to continue paying compensation until they filed the notice. This case differs from *Ansari* because the employer-insurer here attempted to comply with the statute by filing a notice of intention to discontinue benefits. This distinction is important because we find nothing in the language of subdivision 2 to suggest that the legislature intended to impose an indeterminate liability to continue making compensation payments on an employer-insurer when, as here, they have attempted to comply with section 176.241, subd. 1, by filing a notice, although admittedly a deficient one, of their intention to discontinue payment of compensation. Several other considerations also compel us to conclude that this was not the legislative intent.

First of all, construing section 176.241, subd. 2, to impose an indeterminate liability on an employer-insurer who have attempted to comply with the statute imposes a harsh penalty, particularly when, as here, the employee fails to object to the discontinuance within a reasonable period of time [1] and the proof establishes that he has not continued to be disabled by his work injuries throughout that period.

The policy underlying section 176.241 also does not support imposing liability on an employer-insurer who have filed a deficient notice. The statute as a whole was designed to ensure that employers and insurers do not discontinue payment of compensation without giving an employee notice of their intended action and an adequate explanation of the reasons for it. The filing and service of a notice, even though it does not comply with all requirements of section 176.241, subd. 1, does inform the employee that his benefits will be discontinued, thus enabling him to file an objection to their discontinuance and to demand full compliance with the statute. If he does this and it is established that the discontinuance was groundless and unreasonable, the employee may be awarded a penalty pursuant to Minn.Stat. § 176.225. This being true, it seems unlikely that the legislative intent would have been to impose an indeterminate liability on the employer-insurer who have filed a deficient notice.

Finally, when an employer-insurer have attempted to comply with the statute, imposing continuing liability for compensation to an employee no longer disabled by his work injury is inconsistent with the Workers' Compensation Act as a whole, which requires employers to compensate employees for injuries or death arising out of and in the course of employment. Minn.Stat. § 176.021, subd. 1 (1984). Consequently,

---

**1.** The employee did not file an objection to the discontinuance of benefits until July 14, 1983.

we cannot ascribe to the legislature an intent to require an employer who has attempted to comply with Minn.Stat. § 176.-241 to remain under a continuing liability to pay compensation to an employee who is found to be no longer disabled or to be no longer disabled because of his work injury.

The finding that employee's disability caused by the work injury continued only through April 30, 1982, determined the extent of the employer-insurer's liability, and employee was not entitled to compensation after that date.

Affirmed.