**Ronald KAUTZ, Relator,**

v.

**SETTERLIN COMPANY and CIGNA Insurance Company, Respondents.**

No. C7–87–598.

Supreme Court of Minnesota.

Aug. 28, 1987.

David A. Stofferahn, Minneapolis, for relator.

Mary J. Marvin, Minneapolis, for respondents.

AMDAHL, Chief Justice.

Employee sought review of a decision of the Workers' Compensation Court of Appeals reversing the compensation judge's award of temporary total disability compensation beyond the date benefits were discontinued following an administrative conference. We affirm.

Employee, Richard J. Kautz, sustained a back strain on July 16, 1984, while working as a carpenter-foreman for the employer, Setterlin Company. Employer and its workers' compensation liability insurer, CIGNA Insurance Company, admitted liability and paid certain workers' compensation benefits to the employee. On November 12, 1985, employer/insurer served employee with a notice of intention to discontinue benefits on grounds that employee was no longer disabled, having been released to work without restrictions and having sustained no permanent partial disability. Attached to this notice was a medical report indicating that employee had long since recovered completely from his July 16, 1984, work injury. Pursuant to Minn.Stat. § 176.242 (1984), an administrative conference was held on December 5, 1985; and benefits were discontinued.

Employee objected and the matter was litigated before a compensation judge who found that employee had reached maximum medical improvement (MMI) on November 12, 1985, the date on which the medical report was served on employee. The compensation judge explained that while he concurred with medical conclusions that employee had totally recovered from his work injury at the latest on January 28, 1985, Minn.Stat. § 176.101, subd. 3e(c) required service of the MMI report. As the medical report was served on November 12, 1985, that was the date the compensation judge designated for MMI; and he ordered temporary total disability compensation to be paid for 90 days after that date.

Both the employee and the employer/insurer appealed from this decision. The Workers' Compensation Court of Appeals (WCCA) affirmed the compensation judge's findings but reversed the award of temporary total disability compensation. The WCCA determined that since employee was no longer disabled when his benefits were discontinued on December 5, he was entitled to no further compensation. We agree.

Pursuant to Minn.Stat. § 176.101, subd. 3e, temporary total disability benefits stop 90 days after an employee either reaches MMI or completes a retraining program. This 90–day period does not begin to run until the MMI report is served on the employee. During the 90–day period, the employer may furnish or procure work which the employee can do in his physical condition. If the employer does furnish or procure suitable work, the employee receives impairment compensation. If no suitable work is found for the employee, the employee receives economic recovery compensation which is significantly higher than impairment compensation. Minn.Stat. § 176.101, subd. 3e(a), (b), subd. 3p (1984).

Apparently relying on subdivision 3e of section 176.101, the compensation judge in this case awarded benefits for 90 days following the designated date for MMI under clause (c) of that subdivision. However, subdivision 3e deals only with employees who are unable to return to former employment for medical reasons attributable to a work injury. In cases such as this one, where the employee is found medically able to return to work without restrictions, having suffered no residual disability from his work injury, the intricate process of section 176.101, subd. 3e has no application. Stated another way, this is a matter of a simple discontinuance. Here there was substantial medical evidence that the employee was not disabled as of December 5, 1985. He was not entitled to compensation after that date. *Cf. Woelfel v. Plastics, Inc.,* 371 N.W.2d 215 (Minn.1985) (Minn.Stat. § 176.-241 does not impose continuing liability to pay compensation to an employee who is found to be no longer disabled by a work injury simply because the employer files a technically deficient notice of intention to discontinue benefits).

Affirmed.