Norman F. TUREK, Relator,

v.

NORTHFIELD FREEZINGS, f/k/a Northfield Equipment, and Acceptance Indemnity Insurance Co., c/o Preferred Works, Respondents,

Northfield Freezings, f/k/a Northfield Equipment, and National Union Fire Insurance Company, c/o GAB Robins, Inc., Respondents.

No. C2–02–1045.

Supreme Court of Minnesota.

Oct. 24, 2002.

David G. Johnson, Minneapolis, MN, for Employee/Relator.

George W. Kuehner, Thomas L. Cummings, Lake Elmo, MN, for Employer and National Union Fire Ins. Co.

Steven C. O'Tool, Edina, MN, for Employer and Acceptance Indemnity Ins. Co.

## OPINION

MEYER, Justice.

By writ of certiorari, employee-relator Norman F. Turek seeks review of a decision of the Workers' Compensation Court of Appeals (WCCA) reversing the compensation judge's award of temporary total disability benefits and deferment of the permanent partial disability claim. By notice of review, Northfield Freezings and its workers' compensation liability insurers, Acceptance Indemnity Insurance Company and National Union Fire Insurance Company, challenge the limited extension of liability for wage loss benefits for failure to comply with the statutory procedure for discontinuance of workers' compensation benefits. We reverse and reinstate the compensation judge's award of temporary total disability benefits and the deferment of the permanent partial disability claim. The decision of the compensation judge, as affirmed by the WCCA in all other respects, is affirmed.

Norman Turek sustained compensable low back injuries in 1992, 1995, and 1998 while employed as a sheetmetal worker for Northfield Freezings, formerly known as Northfield Equipment. Following the third injury, the employee filed a claim petition, seeking various workers' compen-

sation benefits. The matter proceeded to hearing on January 15, 1999, following which the compensation judge awarded temporary total disability benefits to the date of hearing "and continuing as long as the employee's condition warrants subject to the terms and limitations of the Minnesota Workers' Compensation Act." The compensation judge allocated liability between Acceptance Indemnity and National Union, the insurers on risk in 1995 and 1998 respectively, designating National Union as the paying agent with a right of reimbursement from Acceptance Indemnity pursuant to the apportioned liability. The compensation judge also determined that the employee had not yet reached maximum medical improvement from the combined effects of the 1995 and 1998 injuries and that, at the time of the hearing, it was premature to determine whether the 1998 injury was permanent in nature.

On appeal, the WCCA reversed and remanded for reconsideration. *Turek v. Northfield Equip./Freezings*, 1999 WL 757018, at *5 (Minn. WCCA Aug. 23, 1999) (*Turek I* ). On reconsideration on remand, the compensation judge reinstated his prior award as modified, excluding benefits for a two-month period in the fall of 1998. National Union paid the disputed benefits through January 15, 1999, the date of the original hearing, for a total of $8,922.82. On March 1, 2000, National Union filed a Notice of Benefits Payment, documenting that payment had been made. , No wage loss benefits were paid for any period of time beyond January 15, 1999, and no notice of intention to discontinue benefits was served or filed.

On May 4, 2000, the employee filed a claim petition seeking, among other things, temporary total disability benefits from the date of the original hearing and permanent partial disability benefits. The employer and insurers were granted additional time to obtain a medical evaluation and successfully petitioned for reassignment to a different compensation judge. Following a hearing held on July 27, 2001, the second compensation judge awarded temporary total disability benefits through September 5, 2000, the date of the employer's medical evaluation. The permanent partial disability claim was deferred as premature. On appeal, the WCCA reversed the award of wage loss benefits and remanded that dispute for redetermination, subject to limited liability for improper discontinuance of benefits. *Turek v. Northfield Freezings*, 2002 WL 1377766, at *9–11 (Minn. WCCA May 30, 2002) (*Turek II* ). The WCCA also reversed the deferral of permanent partial disability. *Id.* at *7. All parties have sought review.

## I.

When reviewing the findings of a compensation judge, the WCCA may not disregard the compensation judge's findings but must affirm the findings unless they are "clearly erroneous and unsupported by substantial evidence in view of the entire record as submitted." *Pelowski v. K–Mart Corp.*, 627 N.W.2d 89, 92 (quoting Minn.Stat. § 176.421, subd. 1 (2000)). "Substantial evidence is evidence that a reasonable mind might accept as adequate." *Id.* at 92 (citing *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 59 (Minn.1984)). The WCCA must look at all the evidence in performing its review function, give due weight to the compensation judge's evaluation of the credibility of the witnesses, and "uphold findings based on conflicting evidence or evidence from which more than one inference might reasonably be drawn." *Id.*

In reversing the award of wage loss benefits, the WCCA concluded that the second compensation judge had given res

judicata effect to the first compensation judge's decision, relying on the memorandum attached to the second compensation judge's decision. The WCCA said that the compensation judge erred in making the award "based simply on his conclusion" that prior proceedings "dictated that result in the absence of some evidence of a change in circumstances." *Turek II,* 2002 WL 1377766, at *10. The WCCA determined that a remand was therefore required for reconsideration of the temporary total disability claim.

■■ We believe, however, that a fair reading of the second compensation judge's findings and order in its entirety, together with the judge's explanation, leads to the conclusion that in the compensation judge's view the evidence that covered the new period in dispute supported the determination that the employee was on total disability status until he was seen by the employer's examiner on September 5, 2000.[1] It seems to us the compensation judge was mindful of the interests of all of the parties, referring to but not binding himself to the prior compensation judge's findings. Inconsistent or inaccurate statements in a memorandum attached to a decision of the factfinder need not require a reversal where findings are adequate and clear and the record supports otherwise justifiable findings. *Christenson v. Pedersen Bros.,* 269 Minn. 111, 115–16, 130 N.W.2d 234, 237 (1964). From our independent review of the record, we conclude that the compensation judge's decision was justifiable and that his findings were supported by evidence that a reasonable mind would accept as adequate.

■■ The employee has also challenged the compensation judge's findings that he had voluntarily withdrawn from the labor market and was no longer entitled to temporary total disability benefits after September 5, 2000. We have scrutinized this record and are completely satisfied that the findings, as affirmed, are not manifestly contrary to the evidence. *Pelowski,* 627 N.W.2d at 92.[2]

1. The compensation judge specifically found that the employee had established by a preponderance of the evidence that he had been totally disabled from January 16, 1999, through September 5, 2000. In so doing, the compensation judge considered the following evidence: testimony of the employee as to his low back pain and reduced level of functioning during the claimed period of disability; the testimony of a vocational expert for the employee who said the employee was incapable of sustained gainful employment as of the expert's evaluation in early April 1999; the testimony of the employer's vocational expert who evaluated the employee in July of 2001 and who said the employee had not been totally disabled since January 1999; and the medical records of the employee's family physician who cared for the employee during the claimed period of disability from January 15, 1999, and ongoing. The compensation judge considered medical records from the employee's orthopedic consultant Dr. John Sherman and records from the Mayo Clinic from November 1, 1999, through some time in 2001.

The compensation judge considered the report of Dr. Paul Wicklund, dated September 5, 2001, the employer's medical examiner. Dr. Wicklund concluded that the employee's third injury was permanent, that the employee had reached maximum medical improvement, and that he was capable of light-duty work subject to restrictions on repetitive bending, twisting, stooping, sitting, standing, and lifting more than 20 pounds.

2. The employee has also taken the position that liability for wage loss benefits continues until such time as there has been compliance with the statutory procedure for the discontinuance of benefits. The Act does not, however, impose indeterminate liability for failure to file a notice of intention to discontinue benefits. *See Woelfel v. Plastics, Inc.,* 371 N.W.2d 215, 217–18 (Minn.1985) (holding the Workers' Compensation Act does not impose continuing liability to pay compensation to an employee who is found to be no longer disabled by a work injury simply because the employer files a technically deficient notice of

## II.

█ The WCCA also reversed the deferral of the permanent partial disability claim, remanding the issue for determination on the existing record. *Turek II*, 2002 WL 1377766, at *7. Ordinarily, permanent partial disability is ascertained after maximum medical improvement. *See Gibbons v. Weyerhaeuser*, 482 N.W.2d 480, 482 (Minn.1992). Here, none of the medical evidence addressed the extent of permanency as of the implicitly determined date of maximum medical improvement. Where the evidence was neither conclusive nor satisfactory, we do not believe that deferring the issue to a future claim was an abuse of the compensation judge's discretion. *See Grunst v. Immanuel-St. Joseph Hosp.*, 424 N.W.2d 66, 70 (Minn.1988) (finding no abuse of discretion in deferring permanent partial disability claim where medical evidence on the percentages of disability was unclear).

Reversed and award of temporary total disability benefits and deferment of permanent partial disability claim reinstated; in all other respects, affirmed.

Employee is awarded $600 in attorney fees.

intention to discontinue benefits). In light of our disposition of the wage loss claim, we need not reach the employer and insurers' issues raised by notice of review. *See Lipka v.* *Minnesota Sch. Employees Ass'n,* 550 N.W.2d 618, 622 (Minn.1996) (declining to decide issues not essential to the disposition of the particular controversy).