Miriam C. OLSON, Respondent,

v.

EXECUTIVE TRAVEL MSP, INC. and
St. Paul Fire & Marine Insurance
Company, Relators,

and

New England Mutual Insurance Compa-
ny, intervenor, Blue Cross/Blue Shield
of Minnesota, intervenor, Respondents.

No. CX-88-2002.

Supreme Court of Minnesota.

March 31, 1989.

Mary Marvin Hager, Minneapolis, for re-
lators.

Indru S. Advani, Eagan, for Blue
Cross/Blue Shield of Minnesota.

Patrick T. Tierney, St. Paul, for Miriam
C. Olson.

Linda S. Svitak, Minneapolis, for New
England Mut.

KELLEY, Justice.

We have been asked to review an award
of workers' compensation benefits prem-
ised on the occupational disease provision
of the Workers' Compensation Act. Con-
cluding that the employee's disability is
compensable under the personal injury pro-
vision of the Act, we affirm the award of
benefits.

In March 1983, Miriam C. Olson became
ill with Influenza-type B while traveling in
the Orient on business for Executive Travel
MSP, Inc. The infection impaired the em-
ployee's immune defenses, and the employ-
ee developed bilateral staphylococcal pneu-
monia. The pneumonia then led to several
episodes of acute respiratory failure for
which a tracheostomy and chest tube thora-
costomy were required. The pneumonia
also resulted in chronic bronchiectasis, a
permanent impairment.

The employee made a claim for compen-
sation for permanent partial disability ben-
efits for her chronic bronchiectasis. The
employer/insurer denied liability claiming
that the employee had sustained a noncom-
pensable ordinary disease of life. The com-
pensation judge found that the employee
had sustained a personal injury in the na-
ture of bilateral bronchiectasis arising out
of and in the course of employment when
the employee became infected with Influen-

za-type B while on her work-related trip in the Orient. The compensation judge also found that the employee's personal injury was an occupational disease pursuant to Minn.Stat. § 176.011, subd. 15 (1983) and awarded benefits for her permanent partial disability.

The Workers' Compensation Court of Appeals, by majority decision, affirmed the award of benefits concluding that the employee had established a compensable occupational disease; and the parties, on appeal to this court, have focused their arguments on the occupational disease issue. We are of the opinion, however, that this case involves the compensability of a personal injury under subdivision 16 of section 176.011, thus obviating the need to address whether there was also a compensable occupational disease under subdivision 15.

 The compensation judge found that the employee, who was in the Orient because of her employment, became infected by a specific virus that was at that time not present in the United States. The compensation judge further found, having identified the virus that infected the employee and the origin of infection, that the employee's resultant bronchiectasis arose out of and the course of employment. Under these facts, as affirmed by the Workers' Compensation Court of Appeals, we hold that the employee's disability was compensable under the personal injury subdivision.[1] In so holding, we are cognizant of our function in review on certiorari. Even though we would be inclined to view the evidence of the causal connection between the employee's illness and her employment as very minimal, we are nevertheless extremely hesitant to set aside the factual findings in this case. *Gibberd by Gibberd v. Control Data Corp.*, 424 N.W.2d 776 (Minn.1988); *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984). The award of benefits is therefore affirmed.

Affirmed.

---

1. The employer/insurer asserted that a claimant cannot seek compensation for a disease under the personal injury subdivision of the Act. Application of this provision has not been previously so limited. *See Gillette v. Harold, Inc.*, 257 Minn. 313, 317, 101 N.W.2d 200, 204 (1960); *see*

Employee is awarded $800 in attorney fees on appeal.

*generally*, Kirwin, *Compensation for Disease Under the Minnesota Workers' Compensation Law*, 6 Wm. Mitchell L.Rev. 619, 692–701 (1980); 1B A. Larson, *The Law of Workmen's Compensation* § 40.20–.50 (1987).